UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARLOS ESCOBAR,

       Plaintiff,

                                                                   Case No. 1:01:CR:235-01

v.

                                                                   HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

       Defendant.

_____/

**MEMORANDUM ORDER**

      Petitioner Carlos Escobar pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846.  On August 13, 2002, this Court sentenced Petitioner to ninety-seven months' incarceration, five years' supervised release, a $5,000 fine and a special assessment of $100.  Petitioner appealed his sentence, which was affirmed on September 1, 2004.  The mandate was filed on November 10, 2004.

      Petitioner filed a Motion to Vacate Sentence on January 8, 2009.  Petitioner argues that: 1) the imposition of supervised release is not authorized by statute; 2) imposition of supervised release following a term of incarceration constitutes double jeopardy; and 3) his sentence is unconstitutional because the Supreme Court held that the federal sentencing Guidelines were unconstitutional in *Booker*.  Petition requests that this Court terminate his supervised release and impose a sentence that "complies with the laws that were before us."

      On its face, the Court is unable to construe Petitioner's post-conviction motion as anything other than a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.  Because the Court characterizes the pleading as a § 2255 motion, any subsequent § 2255 motion will be subject to the

restrictions on "second or subsequent motions." *See Castro v. United States*, 540 U.S. 375, 380-81, 124 S. Ct. 786, 791 (2003); *Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The Court would ordinarily provide Petitioner an opportunity to withdraw his motion or amend it so it contains all of the claims he wishes to raise. *See Castro*, 540 U.S. at 380-81, 124 S. Ct. at 791. However, as the statute of limitations for a § 2255 motion expired approximately five years ago and there appears to be no basis for equitable tolling, notice to Petitioner before recharacterizing the motion would be futile.

Petitioner's motion is **DENIED** for the following reasons:

1. This petition was filed about three years after the one-year statute of limitations expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (internal citation omitted).

2. Petitioner waived these arguments when he did not raise them on appeal. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2507 (1977).

3. Petitioner's term of supervised release is authorized explicitly by 21 U.S.C. § 841(b)(1)(A), which mandates imposition of no less than 5 years' supervised release for his crime.

4. The Supreme Court has never held that the supervised release portions of the Sentencing Reform Act, 21 U.S.C. § 3553, *et seq.*, are unconstitutional. It merely made the sentencing Guidelines advisory rather than mandatory. *United States v. Booker*, 543 U.S. 220, 246-47 (2005). Relief under *Booker* is available only to cases pending on direct appeal when *Booker* was decided. *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007). Petitioner had no direct appeal pending at that time.

5. Petitioner's sentence, though imposed before *Booker*, is not unconstitutional, nor is it nonconstitutional plain error. The sentence was at the mandatory minimum for

supervised release, and supervised release is considered part of the original sentence, not a separate sentence. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1224-1225 (9th Cir. 2006) and cases collected therein.

6. This Court is unaware of any legal theory that would prohibit Congress and the President from adopting a sentencing scheme that would permit or require a court to sentence a person to a period of supervised release following incarceration.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Sentence (docket no. 82) is **DENIED**.


Dated: January 23, 2009        /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE